IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16–CR-30108-NJR |
| | ) |
| | ) |
| DARIUS D. FLOWERS, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Flowers is charged with one count of Possession of Contraband by a Federal Inmate (Doc. 1). On December 21, 2016, Flowers filed a Motion in Support of a *Nolo Contendere* Plea (Doc. 18). Flowers seeks a *nolo contendere* plea on the basis of efficiency because it would permit the case to be concluded without a trial (*Id*.). On January 3, 2017, the Government filed a Response opposing the motion, arguing that Flowers has failed to show that there is anything unusual or extraordinary about this case that warrants such a plea, or that he would suffer prejudice if he is not allowed to enter such a plea (Doc. 20).

A plea of *nolo contendere* is "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty." *United States v. Gratton*, 525 F.2d 1161, 1163 (7th Cir. 1975) (quoting *North Carolina v. Alford*, 400 U.S. 25, 35 (1970)). Pursuant to Federal Rule of Criminal Procedure 11(a)(3), a defendant may plead *nolo contendere* only

with consent of the Court. Such a plea shall be accepted by the Court only after consideration of "the parties' views and the public interest in the effective administration of justice." FED. R. CRIM P. 11(a)(3). A plea of *nolo contendere* "admit[s] every essential element of the offense that is well pleaded in the charge" and thus "is tantamount to an admission of guilt for the purpose of the case." *Lott v. United States*, 367 U.S. 421, 426 (1961) (internal quotations omitted). In practice, pleas of *nolo contendere* "are rarely accepted without the approval of the Government after compromise negotiations with the Government." *Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.*, 323 F.2d 412, 415 (7th Cir. 1963). The decision to accept or reject a defendant's plea of *nolo contendere* is entirely within the district court's discretion. *United States v. Bolinger*, No. 1:12-cr-00102-TWP-DML-10, 2013 WL 4736234, at *2 (S.D. Ind. Sept. 3, 2013) (citing *Santobello v. New York*, 404 U.S. 257, 261 (1971)).

Flowers argues that he should be allowed to plead *nolo contendere* because it will administer justice more efficiently because it will save the Court, the parties, and the jury the time and resources of a trial. The Court finds this reason alone to be insufficient. Because the Indictment only alleges one count of Possession of Contraband by a Federal Inmate against Flowers, it is unlikely that such a trial would be excessively lengthy, complex, or expensive. Other than the pragmatic consideration of avoiding a trial, Flowers has failed to show any persuasive or exceptional reason why a *nolo contendere* plea should be allowed. Additionally, as the Government points out, Flowers has not demonstrated any prejudice that would result if he is not allowed to enter into such a

plea. The Court finds that "the interest of the public in the effective administration of justice" would not be served by allowing Flowers to plead *nolo contendere*.

Accordingly, the Court **DENIES** the Motion in Support of a *Nolo Contendere* Plea (Doc. 18).

**IT IS SO ORDERED.**

**DATED: January 11, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**